1
2
3
4
5
6

Douglas L. Johnson (SBN 209216)
Daniel B. Lifschitz (SBN 285068)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:   (310) 975-1095
Email:       djohnson @jjllplaw.com
             dlifschitz@jjllplaw.com

7

*Attorneys for Plaintiff*
PATRICK MENDOZA

8

9

# UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PATRICK MENDOZA,<br><br>           Plaintiff,<br><br>              vs.<br><br>FENIX AMMUNITION LLC, a Michigan Limited Liability Company,<br><br>           Defendant. | CASE NO. 2:24-cv-1120<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Patrick Mendoza ("Mendoza" or "Plaintiff"), by and through his undersigned attorneys, brings this complaint (the "Complaint") against Fenix Ammunition LLC ("Fenix" or "Defendant") upon knowledge and belief as to himself and as to all other matters upon information and belief of his undersigned attorneys. Concerning facts alleged herein on information and belief, Plaintiff and his undersigned attorneys are informed and believe that those facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, because, among other reasons, evidence to support those facts is exclusively in Defendant's possession.

## NATURE OF THE ACTION

1.      This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") to Mendoza's artwork entitled "Phoenix Rising" (the "Work"), which has been registered with the United States Copyright Office.

## PLAINTIFF

2.      Plaintiff Mendoza is a resident of California and Arizona whose principal place of business is in Los Angeles, California.

## DEFENDANT

3.      Defendant Fenix is a Michigan limited liability company with offices located in Novi, Michigan.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant in that, among other things: (1) Defendant's conduct caused injury to Mendoza and his intellectual property within the State of California, Mendoza's principal place of business,

through continuous and systematic exploitation of the Work. (2) Additionally, Defendant (a) regularly does or solicits business in the State of California, (b) engages in a persistent course of conduct in the State of California, (c) derives substantial revenue from consumers located in the State of California, (d) expects or should reasonably expect its acts to have consequences in the State of California, and (e) derives substantial revenue from interstate commerce. For example, Fenix recently celebrated the death of Dianne Feinstein, the former senator from California, by temporarily offering free shipping on its products to all California customers.[1] Additionally, Fenix has more recently began to ship its products to California in customized packaging featuring the face of California governor Gavin Newsom.[2] Fenix regularly boasts of its sales of products to California residents on social media.[3]

6.    Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims occurred in Los Angeles County, and Defendant's actions caused injury in Los Angeles County. Further, as the Federal District Court for the Central District of California has particular expertise in copyright law, hearing this matter in the Central District of California would contribute to judicial efficiency in the resolution of this matter.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.    Mendoza is a prolific graphic artist who has been retained by various high-profile business and media companies over his career for artist services,

---

[1] *See* Jessica Dupnack and David Komer, "Novi's Fenix Ammunition sells bags of bullets celebrating Sen Dianne Feinstein's death," *Fox 10 Phoenix* (Sept. 29, 2023), https://www.fox10phoenix.com/news/novis-fenix-ammunition-sells-bags-of-bullets-celebrating-sen-dianne-feinsteins-death (last accessed Feb. 9, 2024).

[2] *See* Fenix Ammunition (@FenixAmmunition), *Twitter* (Feb. 2, 2024, 11:51 AM) https://twitter.com/FenixAmmunition/status/1753506346220019766 (screenshot of customized bags of ammunition, captioned "Mock politicians. Ridicule government officials. Heckle lobbyists and grifters. This is who you were born to be.").

[3] *See* Fenix Ammunition (@FenixAmmunition), *Twitter* (Jan. 31, 2024, 2:32 PM) https://twitter.com/FenixAmmunition/status/1752822062580994350 (screenshot of sales to various California cities with Los Angeles at the top, captioned "You love to see it. Tell Gavin Newsom to go fuck himself with this one simple trick.").

1  including creating company logos and branding materials.

2      8.    In or about 2007, Mendoza created the Work, pictured below, and

3  registered it with the Copyright Office on June 29, 2010 (Reg. No. VAu 1-032-736).



12      9.    On January 16, 2023, Mendoza additionally registered a derivative

13  vector image of the Work with the Copyright Office (Reg. No. VA 2-339-417).

14      10.    On or about April 25, 2023, Mendoza discovered Fenix was utilizing a

15  logo bearing a striking similarity to the Work (the "Fenix Logo"), depicted below.



26      11.    The Fenix Logo appears prominently on Fenix's website, Fenix's

27  products, and the packaging for Fenix's products. Thus, Fenix derives substantial

28  revenue from using the Fenix Logo and in promoting its products.

12.    As the below comparison demonstrates, the Fenix Logo traces virtually every line and curve of the Work with exact precision, rendering it wholly implausible that the Fenix Logo was created independently of the Work.



COPYRIGHTED                COPYRIGHTED

13.    The precision with which the Fenix Logo copies the Work is further demonstrated by overlaying the two works, as pictured below:



5

COMPLAINT

14. At no point in time did Fenix ever obtain Mendoza's license, authorization, or consent to exploit the Work despite being repeatedly contacted by Mendoza regarding Fenix's unlicensed uses of the Work.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT**

15. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 14, as though fully set forth herein.

16. Without Plaintiff's authorization, license, or consent, Defendant reproduced, adapted, distributed, and/or publicly displayed the Work as part of the Fenix Logo, thereby infringing Plaintiff's exclusive rights of copyright to the Work under the Copyright Act, 17 U.S.C. §§ 106, 501.

17. On information and belief, Defendant has authorized the reproduction, adaptation, distribution, and/or public display of the Work by exploiting the Fenix Logo through various platforms, in advertising, and on physical goods.

18. Each unauthorized reproduction, adaptation, distribution, and/or public display of the Fenix Logo constitutes a separate and distinct act of copyright infringement of the Work.

19. Defendant's conduct has been intentional, willful and with full knowledge of Plaintiff's Copyrights in the Work and the direct infringement thereof.

20. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's direct infringement of Plaintiff's Copyrights, Plaintiff is entitled to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

21. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

22. Defendant is causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law.

Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Work and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all copies of the Fenix Logo.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment as follows:

**On the First Claim for Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits, and advantages obtained by Defendant, as a result of its acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Work during the terms of copyright; and

3. For attorneys' fees and costs.

4. For prejudgment interest at the legal rate; and

5. For such other and further relief as the Court deems just and proper.

Dated: February 9, 2024                         **JOHNSON & JOHNSON LLP**

                                        By   _/s/ Douglas L. Johnson_
                                        Douglas L. Johnson
                                        Daniel L. Lifschitz

                                        _Attorneys for Plaintiff_

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: February 9, 2024                    **JOHNSON & JOHNSON LLP**

By    /s Douglas L. Johnson
      Douglas L. Johnson
      Daniel L. Lifschitz

      *Attorneys for Plaintiff*

COMPLAINT